UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TROY MUNSON, | ) | CASE NO. 1:12MC0090 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| RESPONDENTS. | ) | |

*Pro se* petitioner Troy Munson filed the above-captioned Petition to Quash IRS Summons. Respondents are the United States of America, the Internal Revenue Service (IRS) and IRS Revenue Agent Eric Nix. Mr. Munson asserts this Court's jurisdiction pursuant to 26 U.S.C. § 7609 and 5 U.S.C. § 552(a). He seeks an order from this Court quashing a third-party summons issued by the Commissioner of Internal Revenue on June 7, 2012. For the reasons set forth below, the petition is dismissed.

### BACKGROUND

Agent Nix issued a summons to Key Bank, 4910 Tiedeman Road, Brooklyn, Ohio 44144-2309 on June 7, 2012. (Pet.'s Ex. A.) The summons required Key Bank to appear before Agent Nix: "In the matter of the income tax liability of Troy J. Munson . . . . To provide records per attached rider." *Id*. The time and date Key Bank was scheduled to comply with the IRS summons was at 9:00 o'clock a.m. on July 2, 2012.

Mr. Munson now seeks to quash the summons, arguing that (1) the IRS failed to timely notify him of the summons in violation of 26 U.S.C. § 7609(a)(1); (2) the IRS failed to provide advance notice that contact would be made with third parties; (3) the summons was issued while a referral for criminal prosecution was pending, in violation of 26 U.S.C. § 7602(d)(2)(A); (4) the IRS failed to act in good faith as set forth in *United States v. Powell*, 379 U.S. 48 (1964); and, (5) the IRS will violate his right to privacy if the summoned records are revealed.

As relief, Mr. Munson seeks an order quashing the Key Bank summons, directing the IRS to turn over all documents sought through the summons, as well as records seized that were not in compliance with IRS summoning provisions, $1,000.00 for each violation of State or Federal privacy laws and for this Court to enjoin the IRS from continuing the enforcement and/or issuance of the aforementioned collection summons.

### INTERNAL REVENUE SERVICE
### THIRD PARTY REVIEW

By statute, the IRS is authorized to examine any relevant documentation and summon any person in possession of any relevant information or documentation when conducting a tax investigation. *See* 26 U.S.C. § 7602(a). To execute this authorization, the IRS may serve a summons upon a third-party record keeper, a term that is defined to include various third parties, such as banks and credit unions, which customarily maintain records of individual or business financial transactions. *See* 26 U.S.C. § 7609(a)(3)(A).

A review of the Key Bank summons reveals Mr. Munson is the subject of an IRS investigation. Thus, when the IRS served its summons on Key Bank, as a third-party record keeper, Mr. Munson was entitled to notice that a summons had been served. *Id.*; *Clay v. United States*, 199 F.3d 876, 878 (6th Cir.1999). In further compliance with the statute, the notice included a copy of the summons served on Key Bank and an explanation of Mr. Munson's right to file a petition to quash the summons. *See* 26 U.S.C. § 7609(a)(1). The right to file such a petition is explained in the statute as follows:

> Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day *after the day such notice is given* in the manner provided in subsection (a)(2).

26 U.S.C. § 7609(b)(2)(A); *Shisler v. United States*, 199 F.3d 848, 850 (6th Cir.1999). The Sixth Circuit has interpreted this to mean that "a taxpayer entitled to notice must begin a proceeding to quash a summons to a third-party recordkeeper within twenty days from the date on which notice of the summons and the right to file a petition to quash *is mailed* by the IRS by certified or registered mail to him." *Clay*, 199 F.3d at 878.

"The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine" a petition to quash a summons issued by the IRS to a third-party record keeper. 26 U.S.C. § 7609(h)(1). Here, the summoned party, Key Bank, is located in Brooklyn, Ohio 44144. This location is well within the jurisdiction of the Northern District Court of Ohio, which establishes this Court's personal jurisdiction over Mr. Munson's petition. *Id.* For the reasons set forth below, however, the petition is dismissed for lack of subject matter jurisdiction.

## LACK SUBJECT MATTER JURISDICTION

To comply with the requirements of 26 U.S.C. § 7609(b)(2)(A), a taxpayer's motion to quash an IRS third-party recordkeeper summons must be filed within twenty days from the date notice of the summons and the right to file a petition to quash is mailed to the taxpayer by the IRS The twenty-day filing requirement has been strictly construed by the Sixth Circuit; the failure to file within this deadline divests the Court of jurisdiction over the petition to quash. *Clay*, 199 F.3d at 879. "The government's waiver of sovereign immunity ends--and thus jurisdiction ends--when the twenty-day limitation period has run." *Id*. (quoting *Faber v. United States*, 776 F.2d 1118, 1119 (10th Cir.1990)); *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985).

Mr. Munson did not deliver his petition to quash until the 22nd day after the IRS mailed its notice to him.[1] Although this Court has determined it has personal jurisdiction over Key Bank, it lacks subject matter jurisdiction over Mr. Munson's petition to quash the summons served upon it because he did not timely file his petition in this Court. *See* 26 U.S.C. § 7609(b)(2)(A); *Shisler*, 199 F.3d at 850. The Key Bank summons was served on June 7, 2012. While Mr. Munson states he received notice of such service less than 23 days before the date the documents were required, and some time before June 15, 2012,[2] there is no allegation that this delayed the filing of his petition. *See Sylvestre v. United States*, 978 F.2d 25, 28 (1st Cir.1992)

---

[1] This fact was confirmed by the Court through the United States Postal Service website, which verified (by Certified Mail tracking number) that Mr. Munson's petition to quash was delivered to this Court on June 29, 2012 and was filed the same date. *See* www.usps.gov Also, for the record, the tracking numbers referenced in his Certificate of Service indicate that copies of the petition Mr. Munson served on Key Bank in Cleveland, Ohio and the I.R.S. in Tacoma, Washington were delivered on June 18, 2012 and June 21, 2012, respectively.

[2] This is the date on which Mr. Munson certified that copies of his petition to quash were mailed to the I.R.S. and

(absent an allegation of bad faith or prejudice, a delay in notice is not sufficient to quash a summons). The petition to quash, however, was not filed until June 29, 2012, over twenty days after the summons was served upon Key Bank.  Accordingly, the Court is without jurisdiction over the petition to quash.

## CONCLUSION

For the foregoing reasons, the Petition to Quash Third Party Summons is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 27, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

Key Bank.

5